535 F.2d 749
 Joseph Anthony CAMIRE, Infant, by his Father, James Anthony
Camire, and his Mother, Gail Marie Camire, and
James Anthony Camire and Gail Marie
Camire, Individually, Appellants,
v.
UNITED STATES of America, Appellee.
 No. 992, Docket 76-6038.
 United States Court of Appeals,
Second Circuit.
 Argued May 10, 1976.
Decided June 2, 1976.
 
 Livingston L. Hatch, Keeseville, N.Y., for appellants.
 Richard K. Hughes, Asst. U. S. Atty., Albany, N. Y. (James M. Sullivan, Jr., U. S. Atty., N.D.N.Y., Albany, N. Y.), for appellee.
 Before KAUFMAN, Chief Judge and SMITH and MANSFIELD, Circuit Judges.
 J. JOSEPH SMITH, Circuit Judge:
 
 
 1
 This is an appeal from dismissal on summary judgment in the United States District Court for the Northern District of New York, James T. Foley, Chief Judge, as untimely of a Tort Claims Act suit. The action was brought on behalf of a serviceman, his wife and an infant son whose illness, meningitis, was negligently diagnosed at the United States Air Force Base Hospital at Plattsburgh, New York as teething with a cold. The original diagnosis by a Dr. Marger was on or about April 15, 1971; further diagnosis and treatment occurred at the United States Naval Hospital, Balboa, California beginning later in April; claim was first made January 14, 1974; suit was brought in December of 1974. Since a two-year limitations period for filing a claim applies from the date a claim "accrues," 28 U.S.C. § 2401(b), the suit was untimely unless the claim accrued after January 13, 1972. Plaintiffs rely on two theories to support a contention that the period did not begin until a date within two years of the institution of the claim: first, a "continuing treatment" theory, see Kossick v. United States, 330 F.2d 933, 936 (2d Cir.), cert. denied, 379 U.S. 837, 85 S.Ct. 73, 13 L.Ed.2d 44 (1964); Ciccarone v. United States, 486 F.2d 253, 256 (3d Cir. 1973); Modave v. Long Island Jewish Medical Center, 501 F.2d 1065, 1074 (2d Cir. 1974) (applying New York law), and second, a claim that the alleged negligence was first reasonably apparent to the child's mother not earlier than two years prior to claim, see Jordan v. United States, 503 F.2d 620, 622 (6th Cir. 1974); Tyminski v. United States, 481 F.2d 257, 265 (3d Cir. 1973); Toal v. United States, 438 F.2d 222 (2d Cir. 1971); Hungerford v. United States, 307 F.2d 99 (9th Cir. 1962); Quinton v. United States, 304 F.2d 234 (5th Cir. 1962).
 
 
 2
 We agree with Chief Judge Foley that there is no merit in the first contention, since the treatment was not continuous by the same doctor (or an associate) or the same hospital for the required period.
 
 
 3
 The second contention may eventually be found not to have merit. The affidavit of the young mother, however, states that she had been told that she must be patient because the teeth cutting episode could last for a period of time, that at Balboa the diagnosis was undetermined and that the child was very sick and that they suspected meningitis. Moreover, the affidavit appears to assert that the first information she received, that delay in treatment may have caused the severe injuries, came in advice from a Dr. Davis on June 6, 1972, within two years of the date of claim. The hospital records indicate a finding of meningitis, although they also indicate tests for possible tuberculosis. It is not established to what extent the hospital records were available to one in the mother's situation.
 
 
 4
 To be sure, on the claim, pleadings and affidavits there is support for a finding that plaintiff mother knew more than two years before claim that Dr. Marger's diagnosis of teething and cold was incorrect, but plaintiffs claim that the wording was that of counsel and that plaintiffs can explain apparent inconsistencies. In addition, plaintiffs contend that a person in the position of the mother could not reasonably discover earlier than she did that the delay in correct diagnosis could and did cause the injuries complained of.
 
 
 5
 We think that on the record before the court a genuine issue of material fact existed, as to when a reasonable person in the position of the child's mother should have realized that negligent malpractice had occurred. Summary judgment was therefore improper. Heyman v. Commerce & Industry Insurance Co., 524 F.2d 1317 (2d Cir. 1975); Judge v. City of Buffalo, 524 F.2d 1321 (2d Cir. 1975).
 
 
 6
 Reversed and remanded.
 
 MANSFIELD, Circuit Judge (dissenting):
 
 7
 I respectfully dissent. The plaintiffs' own pleadings and affidavits not only support but indeed compel an affirmance of the district court's findings that this malpractice claim accrued more than two years before the administrative claim was filed and that the court was therefore obligated to dismiss the complaint as time-barred by 28 U.S.C. § 2401(b).
 
 
 8
 Application of the time bar turns on when the parents of the infant plaintiff first knew, or reasonably should have known, the fact which constitutes the gravamen of the present claim: that their child's condition which ultimately proved to be meningitis had been misdiagnosed by a doctor at the Plattsburgh Air Force Base in April, 1971. After examination in the early part of that month, the doctor told the mother that the infant was suffering from a cold and teething problems. The child's condition persisted, however, and after traveling to California, the mother took her child to the San Diego Naval Hospital there on April 27. While the various papers filed by the plaintiffs differ somewhat in their description of the details of what the mother was told on that visit, even the affidavit most favorable to the plaintiffs clearly states that the San Diego doctors told the mother that "the child was very sick and that they suspected meningitis" and further that the child should be baptized and given the Last Rites. Affidavit of Gail Marie Camire dated August 26, 1975, Par. 6.[1]
 
 
 9
 Even under a liberal interpretation of the "discovery" rule of the statute of limitations, and taking into account the limited education of the mother, the receipt of this stark information surely led her, or reasonably should have led her, to discover at that point that the previous diagnosis of a cold and teething problems was mistaken. The claim thus accrued at that point, see, e. g., Toal v. United States, 438 F.2d 222, 524-25 (2d Cir. 1971); Quinton v. United States, 304 F.2d 234, 240 (5th Cir. 1962), and the notice of claim should have been filed by late April 1973, some eight months before it was filed. Since the plaintiffs' own papers disclose the facts leading inescapably to this conclusion, there is no issue of material fact between the parties, and our decisions in Heyman v. Commerce & Industry Insurance Co., 524 F.2d 1317 (2d Cir. 1975), and Judge v. City of Buffalo, 524 F.2d 1321 (2d Cir. 1975), do not preclude an affirmance. Sympathetic as I am to the plight of parents and child, I find no rational basis whatever for avoiding a clearly applicable rule of law.
 
 
 10
 The majority suggests no reason for doubting that, whatever the full reach of the diagnosis made at San Diego on April 27, 1971, the mother was given at least the information described above. Nor does it hold that imparting of this information was insufficient, as a matter of law, to trigger an accrual of the claim at that point. It thus leaves the purpose of the remand unclear. Presumably the district judge is to hear oral testimony reiterating what has already been set out at some length in the plaintiffs' papers, before he draws,[2] once again, the only reasonable conclusion: that the action is time-barred.
 
 
 
 [1]
 In their administrative claim dated November 30, 1973, and signed and sworn to by the parents in December, 1973, which was before the two-year time-bar had been raised as a defense to their claim, the parents swore that upon arrival at the San Diego Naval Base on April 26, 1971, "Gail Marie Camire was advised that the said child had an advanced case of spinal meningitis of approximately three to four weeks advance stage." (App. 24)
 Along the same lines the complaint in the action, sworn to by the parents on November 9, 1974, alleges (Par. 10) that
 "upon arrival to the Balboa Naval Hospital in Balboa, California, the infant sustained a convulsion and exhibited the same symptoms as previously reported to Capt. Donald Marger, M.D., and was immediately diagnosed as an advanced case of meningitis. The exact type of meningitis was undiagnosed due to the advanced stage of the illness."
 The foregoing is consistent with a contemporaneous record of the San Diego Hospital showing a diagnosis of "meningitis" upon the child's admission.
 
 
 [2]
 There is no right to jury trial in this Federal Tort Claims Act case. 28 U.S.C. § 2402. Thus, even if the ultimate determination of when the mother reasonably should have discovered the alleged misdiagnosis can be said to be a factual one, that decision is nonetheless for the court