**MOTOWN RECORD CORPORATION, Plaintiff,**

v.

**MARY JANE GIRLS, INC., Defendant.**

**No. 86 Civ. 6814 (RWS).**

United States District Court, S.D. New York.

Nov. 25, 1987.

Corbin Silverman & Sanseverino, New York City, Marc J. Gottridge, of counsel; Sidley & Austin, Chicago, Ill., Robert A. Downing, of counsel; for plaintiff.

Gross, Shuman, Brizdle & Gilfillan, P.C., Buffalo, N.Y., for defendant; Leslie M. Greenbaum, of counsel.

## OPINION

SWEET, District Judge.

Defendant Mary Jane Girls, Inc ("MJG") has moved for summary judgment under Rule 56, Fed.R.Civ.P. Plaintiff Motown Record Corporation ("Motown") has opposed that motion and moved to disqualify Irwin M. Shuman ("Shuman"), a partner of Gross Shuman Brizdle & Gilfillan, P.C., counsel to MJG; for discovery under Rule 37(a), Fed.R.Civ.P. relating to the use of drugs by James A. Johnson, Jr., president of MJG ("James" or "Rick James"); and has cross moved for sanctions under Rule 11, Fed.R.Civ.P. For the reasons set forth below, MJG's motion for summary judgment is denied, Motown's motion to disqualify Shuman is denied, its motion for discovery is granted, and Motown's cross motion for sanctions denied.

*Prior Proceedings*

This action was commenced on September 4, 1986 and the nature of the dispute between the parties was set forth in the opinion of December 22, 1986 which denied Motown's motion for summary judgment, familiarity with which is assumed.

A mirror action had been commenced in Buffalo and by opinion of April 23, 1987, MJG's motion to transfer this action to the Western District of New York was denied. By consent the Buffalo action was transferred to this district on May 20, 1987, and accepted as related. Discovery proceeded except as to the subject matter set forth below.

This hard fought litigation has had a lull, resulting first from settlement discussions following the argument of the pending motions and then from vacations followed by the necessity to resolve motions in other actions which sought injunctive relief. The pending motions were argued on May 22, 1987, but both parties requested a deferral of any decision pending the resolution of settlement discussions. On August 13, 1987 the request for deferral was withdrawn and additional papers were received on August 14.

*MJG's Motion For Summary Judgment*

█ "In considering [a motion for summary judgment], the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Insurance Co.,* 804 F.2d 9, 11 (2d Cir.1986), *cert. denied,* — U.S. —, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987). As the record now stands, material issues of fact continue to require a trial.

The primary issue is the time for the performance of the February 3, 1983 agreement between the parties (the "Agreement"). It was the existence of facts relating to the extension of the stated date which was the subject of the December 22, 1986 opinion which defeated Motown's motion for summary judgment. The prior opinion stated:

While it is undisputed that no formal or written agreement exists extending the option period beyond July 15, the Agreement does not contain a prohibition against modification except in writing, and it is MJG's position that the conduct of Motown described above constituted a waiver of the Agreement's Option Period and its performance on [October] 2 was timely. Although neither party has cited any California authorities on this subject, California law permits the modification of a contract by conduct. See *Daugherty Co. v. Kimberly–Clark Corp.,* 14 Cal. App.3d 151, 158, 92 Cal.Rptr. 120, 124 (Cal.Ct.App.1971); *Barnes v. Western Pioneer Ins. Co.,* 151 Cal.App.2d 669, 311 P.2d 871 (Cal.Dist.Ct.App.1957). *Motown has thus extended the period for performance.*

Under *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 11 (2d Cir. Oct. 1986), all inferences shall be drawn in favor of the party opposing the motion. Further, this record is barren of facts which would establish the term of the extension granted by Motown's conduct. According to MJG, the performance on October 2 was reasonable in relation to Motown's payment to JoJo late in August not estab-

lished on this record. Therefore, as to the date for performance, a factual issue exists barring summary judgment.

650 F.Supp. at 125.

Understandably, MJG contends that the court concluded, as it stated, that Motown had extended the period for performance. This slip of the pen omitted the contentious quality of the assertion which was correctly stated and clarified, at least to Motown's satisfaction, in the last line of the quoted portion.

In any case, a factual issue exists as to the extension and as to the reasonableness of the extension.

It remains an open question whether Motown's conduct operated, under California law, to modify the Agreement (or to waive Motown's right to timely delivery) so that delivery on October 2, 1986 was still timely.

In *Daugherty Co. v. Kimberly–Clark Corp.,* 14 Cal.App.3d 151, 92 Cal.Rptr. 120, 124 (Dist.Ct.App.1971), previously cited by the court, the appellate court reversed an order granting summary judgment on the ground that claims of both modification and waiver clearly presented fact questions as to which summary judgment was inappropriate. The "reasonableness" of MJG's conduct is a disputed fact issue to be determined at trial, not on a summary judgment motion. *See e.g., Schmidt v. McKay,* 555 F.2d 30 (2d Cir.1977); *Camire v. United States,* 535 F.2d 749, 750–51 (2d Cir.1976).

The *Anderson* trilogy, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) does not require a different result where the intent of the parties as to the reasonableness of an extension is a necessary fact to be determined. According to California authorities, waiver requires intent, *White Point Co. v. Herrington,* 268 Cal.App.2d 458, 168–69, 73 Cal.Rptr. 885 (Dist.Ct.App.1968), under these circumstances, a particular issue of fact as to both parties.

**38**

### Motown's Motion to Disqualify Shuman

■ There is no question but that Shuman as counsel to MJG was involved in the discussion and correspondence between the parties in 1986. However, there are other sources for the same facts, and MJG seems content to rely upon documents and the testimony of other persons to establish Shuman's activities. LeRoi Johnson, Vice President of MJG, states that Shuman was acting solely as counsel, that the correspondence on MJG's behalf was prepared at his direction, that he is prepared to assert MJG's view of the facts and "that MJG does not presently have an intention to call Mr. Shuman as a witness, as any testimony which Mr. Shuman might supply appears to be, at best, cumulative in nature."

MJG also notes—and not for the first time—the disparate resources of the parties and the hardship it would suffer at this stage in the litigation if required to replace its lawyers. *See Freschi v. Grand Coal Venture,* 564 F.Supp. 414, 418 (S.D.N.Y. 1983); *Rand Research & Development Co. v. Life Sciences, Inc.,* 76 Civ. 5585, slip op. (S.D.N.Y. Apr. 20, 1979).

■ Disqualification of counsel is a drastic measure, *Premium Products Sales Corp. v. Chipwich, Inc.,* 539 F.Supp. 427 (S.D.N.Y.1982); *Ross v. Great Atlantic and Pacific Tea Co., Inc.,* 447 F.Supp. 406 (S.D.N.Y.1978) and application of the Disciplinary Rules is not per se mandatory but rather, the court "must examine the facts of a claimed violation of the Code and attempt to shape a remedy which will assure fairness to the parties and integrity to the judicial process." *Ross, supra,* at 409. *See also International Electronics Corp. v. Flanzer,* 527 F.2d 1288 (2d Cir.1975); *J.P. Foley and Company v. Vanderbilt,* 523 F.2d 1357 (2d Cir.1975).

Moreover, Disciplinary Rule 5–101(B)(4) specifically provides that an attorney may not be disqualified from representing a client "if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case."

Shuman will not testify at the trial nor will he be disqualified.

### Motown's Discovery of James

■ According to Motown, James' drug use may have contributed to the events which gave rise to the dispute. If so, such information might be relevant and therefore discoverable. Because of its personal and sensitive nature, the discovery shall be kept in confidence for the use of counsel only and solely for the purposes of this litigation.

### Motown's Motion for Rule 11 Sanctions

Under all the circumstances, MJG's motion was not made for an improper purpose, such as delay, and was not without color of authority, particularly in view of the court's language quoted above. Sanctions are, therefore, inappropriate.

IT IS SO ORDERED.