23-7479-cv
*Carroll v. United States*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand twenty-five.

Present:

GUIDO CALABRESI,
BARRINGTON D. PARKER, JR.,
WILLIAM J. NARDINI,
　　*Circuit Judges*.

_____

ROBERT CARROLL,

　　　　*Plaintiff-Appellant*,

　　v.　　　　　　　　　　　　　　　　　　　　　23-7479-cv

UNITED STATES OF AMERICA,

　　　　*Defendant-Appellee*.

_____

| | |
|---|---|
| For Plaintiff-Appellant: | Robert B. Carroll, *pro se*, Connelly, NY |
| For Defendant-Appellee: | Karen Folster Lesperance, Assistant United States Attorney, of Counsel, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Albany, NY |

Appeal from a judgment of the United States District Court for the Northern District of

New York (Mae A. D'Agostino, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED**, and this case is **REMANDED** for further proceedings.

Plaintiff-Appellant Robert B. Carroll, proceeding *pro se*, appeals from a judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *District Judge*), entered on August 21, 2023, dismissing his complaint as time barred under Federal Rule of Civil Procedure 12(b)(6). Carroll brought this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*, asserting claims for medical malpractice, negligence, and vicarious liability against the United States. Carroll alleges that medical staff from the Department of Veterans Affairs failed to identify and treat deep vein thrombosis ("DVT") in his right leg when he visited Stratton Veterans Hospital in Albany, New York on two occasions in 2015 and 2017. On appeal, Carroll challenges the district court's finding that the "continuous treatment doctrine" did not toll the FTCA's statute of limitations with respect to his claims, *see Carroll v. United States*, No. 1:21-CV-1197 (MAD/DJS), 2023 WL 5380433, at *4 (N.D.N.Y. Aug. 21, 2023). We assume the parties' familiarity with the case.

"We review *de novo* a district court's grant of a motion to dismiss [under Rule 12(b)(6)], including legal conclusions concerning the court's interpretation and application of a statute of limitations." *Castagna v. Luceno*, 744 F.3d 254, 256 (2d Cir. 2014) (internal quotation marks omitted). "We liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (internal citations and quotation marks omitted).

The FTCA waives sovereign immunity, under certain circumstances, for tort claims against the United States. 28 U.S.C. §§ 1346(b), 2674. Under the FTCA, "[a] tort claim against the United

States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ." *Id.* § 2401(b). "The date on which an FTCA claim accrues is determined as a matter of federal law." *Syms v. Olin Corp.*, 408 F.3d 95, 107 (2d Cir. 2005). Claims typically accrue "either at the time of injury or when the plaintiff discovered, or in the exercise of reasonable diligence should have discovered, the facts giving rise to the cause of action." *Id.* Because § 2401(b)'s time limitation is not jurisdictional, however, it is subject to tolling. *United States v. Kwai Fun Wong*, 575 U.S. 402, 412 (2015). As pertinent here, under the "continuous treatment doctrine," we "have recognized that where the plaintiff is in the continuing care of the negligent actor for the same injury out of which the FTCA cause of action arose, the statute of limitations may be tolled under certain circumstances until the end of the course of treatment." *Ulrich v. Veterans Admin. Hosp.*, 853 F.2d 1078, 1080 (2d Cir. 1988).

Here, Carroll claims that medical staff failed to properly treat him on both August 11, 2015, and March 27, 2017, when he visited the emergency department at Stratton Veterans Hospital seeking care for swelling in his right leg. The parties agree that, absent application of the continuous treatment doctrine, Carroll's claims accrued on November 27, 2017, the date an ultrasound performed at the hospital revealed that DVT was the cause of the swelling. Carroll contends, however, that he was continuously treated at the hospital from that date until February 19, 2019. In support, Carroll alleges the following sequence of events: after receiving the results of the November 2017, ultrasound, Carroll was placed on a one-year course of anticoagulation treatment for the DVT; on January 23, 2019, an additional ultrasound was performed on him; and, on February 19, 2019, Carroll was told that, based on the results of the January 2019, ultrasound,

3

further anticoagulation treatment would not be helpful and his condition was permanent.[1]

Based on these allegations, we conclude that the district court erred in finding, at the pleading stage, that the continuous treatment doctrine has no application to Carroll's claims.[2] The district court reasoned that the doctrine does not apply because Carroll failed to "allege that he was continuously treated by the same government physician after his emergency department visits." *Carroll*, 2023 WL 5380433, at *4. But we have never held that application of the doctrine, as applied to FTCA claims, requires continuous treatment by the same physician. To the contrary, we have explained that one central rationale for the doctrine "holds it absurd to expect a patient being treated by a doctor *or hospital* to interrupt corrective treatment by instituting suit against either while under their continuing care." *Ulrich*, 853 F.2d at 1081 (emphasis added); *see Camire v. United States*, 535 F.2d 749, 750 (2d Cir. 1976) (concluding that the district court properly rejected the plaintiff's "continuing treatment" theory because "the treatment was not continuous by the same doctor (or an associate) or the same hospital for the required period"). Thus, by reasoning that Carroll could invoke the continuous treatment doctrine only if he alleged a course of treatment by the same physician, the district court defined the doctrine too narrowly.

Construing Carroll's *pro se* complaint liberally, he has plausibly alleged that he was continuously treated for DVT at Stratton Veterans Hospital from November 27, 2017, until February 19, 2019. Because Carroll names the United States as the Defendant and directs his claims against its "directors, officers, operators, administrators, employees, agents, and staff at

---

[1] The Government does not argue that Carroll has failed to plausibly allege that all pertinent treatment took place at Stratton Veterans Hospital.

[2] Although the district court also rejected Carroll's attempts to invoke the "continuing wrongs doctrine" and general equitable tolling principles, he does not challenge those findings on appeal. We therefore deem those issues abandoned. *See Green v. Dep't of Educ. of N.Y.C.*, 16 F.4th 1070, 1074 (2d Cir. 2021) ("[A] pro se litigant abandons an issue by failing to address it in the appellate brief.").

[Stratton Veterans Hospital]," Compl., Dist. Ct. Dkt. 1, ¶ 8, instituting suit before February 19, 2019, would have required him to potentially interrupt his corrective treatment to assert claims against hospital staff while under their continuing care, *see Ulrich*, 853 F.2d at 1081; *Camire*, 535 F.2d at 750. Carroll has therefore pleaded a plausible basis for tolling § 2401(b)'s statute of limitations until February 19, 2019, which was less than two years before he submitted his claim to the Department of Veterans Affairs on January 17, 2021. Thus, although further development of the factual record may reveal that application of the continuous treatment doctrine is not appropriate in this case, the district court erred in dismissing Carroll's claims on timeliness grounds at the pleading stage.

*    *    *

We have considered the Government's remaining arguments and find them unpersuasive. Accordingly, we **VACATE** the judgment of the district court and **REMAND** this case for further proceedings consistent with this order.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

5